U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 0 1 2015

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

Thomas P. Riley, CA SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
J & J Sports Productions, Inc.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARCELA J. LARA A/K/A MARCELA J. ALVAREZ, ANTONIO LARA and LUIS ALVAREZ, individually and d/b/a EL FAR WEST DISCOTHEQUE; and EL CLUB SONIDERO, INC., an unknown business entity d/b/a EL FAR WEST DISCOTHEQUE, <br><br> Defendants. | Case No.: 15-5208 <br><br> COMPLAINT |

**PLAINTIFF ALLEGES:**

<u>JURISDICTION</u>

1.   Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

///
///
///

Page 1

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Arkansas.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Western District of Arkansas, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Fayetteville Division of the Western District of Arkansas is proper because a substantial part of the events or omissions giving rise to the claim occurred in Benton County and/or the United States District Court for the Western District of Arkansas has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

///

///

///

Page 2

7. Defendant Marcela J. Lara a/k/a Marcela J. Alvarez is an officer of El Club Sonidero, Inc., which owns and operates the commercial establishment doing business as El Far West Discotheque. El Far West Discotheque operates at 2101 1/2 South 8th Street, Rogers, Arkansas 72758.

8. Defendant Marcela J. Lara a/k/a Marcela J. Alvarez is also one of three individuals (the other being Defendants Antonio Lara and Luis Alvarez) specifically identified on the Arkansas Alcoholic Beverage Control license issued for El Far West Discotheque.

9. Defendant Antonio Lara is an officer of El Club Sonidero, Inc., which owns and operates the commercial establishment doing business as El Far West Discotheque. El Far West Discotheque operates at 2101 1/2 South 8th Street, Rogers, Arkansas 72758.

10. Defendant Antonio Lara, is also one of three individuals (the other being Defendants Marcela J. Lara a/k/a Marcela J. Alvarez and Luis Alvarez) specifically identified on the Arkansas Alcoholic Beverage Control license issued for El Far West Discotheque.

11. Defendant Luis Alvarez, is an officer of El Club Sonidero, Inc., which owns and operates the commercial establishment doing business as El Far West Discotheque. El Far West Discotheque operates at 2101 1/2 South 8th Street, Rogers, Arkansas 72758.

12. Defendant Luis Alvarez, is also one of three individuals (the other being Defendants Marcela J. Lara a/k/a Marcela J. Alvarez and Antonio Lara) specifically identified on the Arkansas Alcoholic Beverage Control license issued for El Far West Discotheque.

13. Plaintiff is informed and believes, and alleges thereon that on September 14, 2013 (the night of the *Program* at issue herein, as more specifically defined in paragraph 26), Defendant Marcela J. Lara a/k/a Marcela J. Alvarez had the right and ability to supervise the activities of El Far West Discotheque, which included the unlawful interception of Plaintiff's *Program*.

14. Plaintiff is informed and believes, and alleges thereon that on September 14, 2013 (the night of the *Program* at issue herein, as more specifically defined in paragraph 26), Defendant

Page 3

Antonio Lara had the right and ability to supervise the activities of El Far West Discotheque, which included the unlawful interception of Plaintiff's *Program*.

15. Plaintiff is informed and believes, and alleges thereon that on September 14, 2013 (the night of the *Program* at issue herein, as more specifically defined in paragraph 26), Defendant Luis Alvarez had the right and ability to supervise the activities of El Far West Discotheque, which included the unlawful interception of Plaintiff's *Program*.

16. Plaintiff is informed and believes, and alleges thereon that on September 14, 2013 (the night of the *Program* at issue herein, as more specifically defined in paragraph 26), Defendant Marcela J. Lara a/k/a Marcela J. Alvarez, as an individual specifically identified on the liquor license for El Far West Discotheque, had the obligation to supervise the activities of El Far West Discotheque, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the liquor license was not used in violation of law.

17. Plaintiff is informed and believes, and alleges thereon that on September 14, 2013 (the night of the *Program* at issue herein, as more specifically defined in paragraph 26), Defendant Antonio Lara, as an individual specifically identified on the liquor license for El Far West Discotheque, had the obligation to supervise the activities of El Far West Discotheque, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the liquor license was not used in violation of law.

18. Plaintiff is informed and believes, and alleges thereon that on September 14, 2013 (the night of the *Program* at issue herein, as more specifically defined in paragraph 26), Defendant Luis Alvarez, as an individual specifically identified on the liquor license for El Far West Discotheque, had the obligation to supervise the activities of El Far West Discotheque, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the liquor license was not used in violation of law.

19. Plaintiff is informed and believes, and alleges thereon that on September 14, 2013 (the night of the *Program* at issue herein, as more specifically defined in paragraph 26), Defendants Marcela J. Lara a/k/a Marcela J. Alvarez, Antonio Lara and Luis Alvarez, specifically directed the employees of El Far West Discotheque to unlawfully intercept and broadcast Plaintiff's *Program*

at El Far West Discotheque or that the actions of the employees of El Far West Discotheque are directly imputable to Defendants Marcela J. Lara a/k/a Marcela J. Alvarez, Antonio Lara and Luis Alvarez by virtue of their acknowledged responsibility for the actions of El Far West Discotheque.

20. Plaintiff is informed and believes, and alleges thereon that on September 14, 2013, Defendant Marcela J. Lara a/k/a Marcela J. Alvarez as an officer of El Club Sonidero, Inc. and as an individual specifically identified on the liquor license for El Far West Discotheque, had an obvious and direct financial interest in the activities of El Far West Discotheque, which included the unlawful interception of Plaintiff's *Program*.

21. Plaintiff is informed and believes, and alleges thereon that on September 14, 2013, Defendant Antonio Lara, as an officer of El Club Sonidero, Inc. and as an individual specifically identified on the liquor license for El Far West Discotheque, had an obvious and direct financial interest in the activities of El Far West Discotheque, which included the unlawful interception of Plaintiff's *Program*.

22. Plaintiff is informed and believes, and alleges thereon that on September 14, 2013, Defendant Luis Alvarez, as an officer of El Club Sonidero, Inc. and as an individual specifically identified on the liquor license for El Far West Discotheque, had an obvious and direct financial interest in the activities of El Far West Discotheque, which included the unlawful interception of Plaintiff's *Program*.

23. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendants Marcela J. Lara a/k/a Marcela J. Alvarez, Antonio Lara and Luis Alvarez, resulted in increased profits for El Far West Discotheque.

24. Plaintiff is informed and believed, and alleges thereon that Defendant, El Club Sonidero, Inc. is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as El Far West Discotheque operating at 2101 1/2 South 8th Street, Rogers, Arkansas 72758.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

25.  Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-24, inclusive, as though set forth herein at length.

26.  Pursuant to contract, Plaintiff J & J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *"The One": Floyd Mayweather, Jr. v. Saul Alvarez, WBC Light Middleweight Championship Fight Program,* telecast nationwide on Saturday, September 14, 2013 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the *"Program"*).

27.  Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Arkansas, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

28.  As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff J & J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

29.  With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-24 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Rogers, Arkansas located at 2101 1/2 South 8th Street, Rogers, Arkansas 72758.

///

///

30. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

31. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff J & J Sports Productions, Inc., had the distribution rights thereto).

32. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

33. By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

34. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

    (a) Statutory damages for each violation of in an amount to $10,000 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II); and also

    (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

    (c) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II
**(Violation of Title 47 U.S.C. Section 553)**

35. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-34, inclusive, as though set forth herein at length.

36. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

37. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

38. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

39. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

    (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

    (c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

    (d) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

### COUNT III
### (Conversion)

40.     Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-39, inclusive, as though set forth herein at length.

41.     By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendants, and each of them, tortuously obtained possession of the *Program* and wrongfully converted same for their own use and benefit.

42.     The aforesaid acts of the Defendants were willful, malicious, egregious, and intentionally designed to harm Plaintiff J & J Sports Productions, Inc., by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendants subjected the Plaintiff to severe economic distress and great financial loss.

43.     Accordingly, Plaintiff J & J Sports Productions, Inc., is entitled to both compensatory, as well as punitive and exemplary damages, from aforementioned Defendants as the result of the Defendants' egregious conduct, theft, and conversion of the *Program* and deliberate injury to the Plaintiff.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and each of them, and
2. For reasonable attorneys' fees as mandated by statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper;

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them, and;
2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against the Defendants, and each of them, and;
2. For exemplary damages against the Defendants, and each of them, and;
3. For punitive damages against the Defendants, and each of them, and;
4. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;
5. For all costs of suit, including but not limited to filing fees, service of process fee, investigative costs, and;
6. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Date: 8/24/15

LAW OFFICES OF THOMAS P. RILEY, P.C.
By: Thomas P. Riley
Attorneys for Plaintiff
J & J Sports Productions, Inc.

///

///